| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>CONNELL FOLEY LLP<br>Stephen V. Falanga<br>Philip W. Allogramento III<br>Christopher M. Hemrick<br>One Newark Center<br>1085 Raymond Blvd., 19th Floor<br>Newark, New Jersey 07102<br>Telephone: (973) 757-1100<br>Telecopy: (973) 757-1090<br>*Counsel to Chapter 11 Trustee* | |
| In re:<br><br>ROSEVILLE SENIOR LIVING PROPERTIES, LLC,<br><br>Debtor. | Bankr. Case No.: 13-31198 (MBK)<br><br>Hon. Michael B. Kaplan<br><br>Chapter 11<br><br>Hearing Date: April 25, 2016<br><br>Hearing Time: 10:00 A.M. EST |

**MEMORANDUM OF LAW IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION TO EQUITY SECURITY HOLDERS FOR SUMS DUE AND OWING ON ACCOUNT OF PROFITS FOR TAX YEARS 2012 THROUGH 2015**

Stephen V. Falanga, in his capacity as Chapter 11 Trustee (the "Trustee") for the estate of Roseville Senior Living Properties, LLC (the "Debtor"), by and through his counsel, Connell Foley, LLP, hereby submits this memorandum of law in support of his motion (this "Motion") for the entry of an order pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Trustee to make a distribution to equity security holders for sums due and owing on account of income attributed to the equity security holders for the 2012-2015 tax years arising from profits made by the Debtor's operations (the "Applicable Period"). In support of his Motion, the Trustee respectfully state as follows:

3658759-2

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

3. On September 27, 2013 (the "Petition Date"), the Debtor filed in the United States Bankruptcy Court for the District of New Jersey (the "Court") a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code, and thereby commenced the this Chapter 11 bankruptcy case, captioned *In re Roseville Senior Living Properties, LLC,* Case No. 13-31198 (the "Case").

4. On October 28, 2015, Stephen V. Falanga, Esq. was appointed as Chapter 11 Trustee for the Debtor's bankruptcy estate.

5. No Committee of Unsecured Creditors has been formed to date.

6. On February 5, 2016, the Court entered the Sale Order, *inter alia*, authorizing the sale of substantially all of the Debtor's assets to DiNapoli Capital Partners, LLC, or its assignee, free and clear of liens, claims, interests and encumbrances. The sale has now closed, and the Trustee is in possession of substantial net proceeds from the sale after satisfying all secured claims.

7. The time for filing general unsecured claims in this case within the time provided by LBR 3003-1(a) has expired.

8. The Trustee has filed a motion to establish May 13, 2016 at 5:00 p.m. (Eastern Time) (the "Administrative Claims Bar Date") as the deadline for filing administrative claims

(the "Administrative Expense Claims") arising, accruing, or otherwise becoming due and payable on or between the Petition Date and April 1, 2016 (the "Administrative Claim Period"), including claims entitled to priority in accordance with section 503(b) of the Bankruptcy Code, except those claims entitled to priority in accordance with section 503(b)(9) of the Bankruptcy Code.

9. Based on information provided by the Trustee's accountants, since the filing of this case, the Debtor's equity security holders have been charged with taxable income on account of reported profits resulting from the Debtor's operations for the Applicable Period, but which profits the equity holders have not yet fully realized by way of distributions.

**RELIEF REQUESTED AND BASIS THEREFORE**

10. By this Motion, the Trustee seeks the Court's permission to make a distribution to equity holders for the limited purpose of equalizing the Debtor's reported profits and the equity holders' distributions for the Applicable Period, such that the distributions actually received by equity holders relating to the Applicable Period are consistent with the profits on account of which the equity holders were, or will be, taxed.

11. Now that the sale of the Debtor's assets has been consummated and all secured claims of the Debtor satisfied in full, the Trustee is in the process of preparing a proposed chapter 11 plan that he anticipates, based on information presently available to himself and his professionals, will provide for the full satisfaction of all allowed administrative, priority, and general unsecured claims, with a substantial *pro rata* distribution to be made to the Debtor's equity security holders.

12. It is the Trustee's understanding after consulting with his accountants that, during the Applicable Period, which is primarily comprised of the post-petition period after the Debtor's bankruptcy filing, equity holders incurred tax obligations as a result of the profits from the Debtor's operations generated during the Applicable Period, which profits were attributed as income to the equity holders for tax purposes due to the pass-through nature of the Debtor's LLC tax structure.

13. Despite incurring tax liability on account of these profits, however, the equity holders have not been paid all of the income attributed to them for tax purposes as a consequence of the Debtor's bankruptcy filing. For this reason, the Trustee, in an exercise of his business judgment, believes it is appropriate at this juncture given the estate funds currently on hand to make a distribution to equity security holders for purposes of ensuring the equity holders have actually received the income for which they have been, or will be, subject to tax liability relating to the Applicable Period.

14. As set forth in the Certification of the Trustee's accountant, Jay Lindenberg, submitted herewith, 75 of the Debtor's equity security holders have been identified as parties to receive a distribution in connection with the proposed tax reconciliation. As appears from the schedule attached to the Lindenberg Certification, Mr. Lindenberg calculated the K-1 profit amounts attributed to the Debtor's equity holders for the Applicable Period, as well as the related distributions made toward the payment of income due to the equity holders based on said profits. Based upon this calculation, Mr. Lindenberg determined there is a present amount due of approximately $510,458.00 to the equity security holders on account of income attributed to them for tax purposes during the Applicable Period, but which remains unpaid to date.

3658759-2

15.     Based on information presently available, and after consultation with his accountants, the Trustee believes there will be more than sufficient estate assets to fully satisfy all known allowed administrative, priority and unsecured claims, resulting in a significant return to equity holders.  For this reason, and given the limited purpose and amount of the distribution the Trustee seeks permission to make, the Trustee does not believe the distribution will result in any appreciable risk or prejudice to any interested party.  Furthermore, the Trustee's accountants will maintain a record of all distributions made, and ensure all distributions made pursuant to this Motion are appropriately deducted from future distributions to equity holders pursuant to a confirmed plan.

16.     The Trustee anticipates proposing a plan in the near term setting forth the details and timing for the remaining *pro rata* distributions to equity security holders, the satisfaction of all allowed senior classes of claims, and the winding down of the Debtor.

17.     However, because the equity holders have incurred tax liability for income they have not actually received, the Trustee seeks authority given the present posture of this case to make a distribution to equity holders now in an amount necessary to reconcile the income equity holders have received on account of the Applicable Period, with that for which the equity holders have been, or will be, charged for tax purposes.  Any distribution to equity holders made pursuant to this Motion would be subject to disgorgement and reconciliation in connection with future distributions made pursuant to a confirmed plan, and would reduce the ultimate dividend paid to the equity holders on a dollar-for-dollar basis.

18.     Accordingly, the Trustee respectfully submits that cause exists for the Court to authorize the Trustee to make a distribution to equity security holders in an amount the Trustee

3658759-2

determines, in consultation with his accountants, is required to equalize the income on account of which the equity holders were subject to tax during the Applicable Period, with that actually received by the equity holders attributable to the Applicable Period, which distribution the Trustee estimates will approximate $510,458.00.

## NOTICE

19. In order to avoid unnecessary service costs to the estate given the nature of the relief requested, the Trustee respectfully requests that the Court limit notice of the Motion pursuant to Bankr. R. 2002(m) to: (i) the U.S. Trustee; (ii) all parties that, as of the filing of the Motion, have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002; and (iii) all equity security holders.

## NO PRIOR REQUEST

20. The Trustee has not previously sought the relief requested herein from this or any other Court.

## CONCLUSION

WHEREFORE, the Trustee requests entry of the an Order (i) granting the relief requested herein and (ii) such other and further relief as the Court deems just and proper.

CONNELL FOLEY LLP

By: /s/ *Christopher M. Hemrick*

Date: April 1, 2016                     Christopher M. Hemrick