**FOX ROTHSCHILD LLP**
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
973-992-4800
Richard M. Meth, Esq.
N. Ari Weisbrot, Esq.
RMeth@foxrothschild.com
AWeisbrot@foxrothschild.com
Attorneys for the Equity Holders

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ROSEVILLE SENIOR LIVING PROPERTIES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-31198 (MBK)<br><br>Hearing Date: April 25, 2016 at 10:00 a.m.<br><br>Oral Argument Requested |

**LIMITED OBJECTION OF THE "EQUITY HOLDERS" TO THE CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION TO EQUITY SECURITY HOLDERS FOR SUMS DUE AND OWING ON ACCOUNT OF PROFITS FOR TAX YEARS 2012 THROUGH 2015**

Equity holders/defendants William Weiss, Daniel Federbush, DJD Holdings, LLC, Alfred Weinberger, Ben Tandowski, David Klaristenfeld, ATD, LLC, Cheryl Klaristenfeld, Feuer Family Partnership, Ayelet Greenbaum as Administratix of the Estate of Harry Rosner, Mark Lasser, Myron Bari, and Dominick Tolli (collectively, the "Equity Holders"), by and through their undersigned attorneys, hereby file this Limited Objection (the "Limited Objection") to the *Chapter 11 Trustee's Motion For An Order Authorizing Distribution To Equity Security Holders For Sums Due And Owing On Account Of Profits For Tax Years 1012 Through 2015* [Docket No. 610] (the "Distribution Motion"). In support of the Limited Objection, the Equity Holders respectfully state as follows:

39705298v5

## BACKGROUND

1. The Equity Holders collectively own approximately 15% of the membership interests in Roseville Senior Living Properties, LLC ("Roseville" or the "Debtor").

2. On September 27, 2013 (the "Petition Date") Roseville filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

3. No official committee of unsecured creditors was ever appointed in the Bankruptcy Case.

4. On or about October 30, 2015, the Office of United States Trustee appointed Stephen V. Falanga as the Chapter 11 trustee for the Debtor (the "Trustee").

5. On April 1, 2016, the Trustee filed the Distribution Motion seeking authority to make a distribution to equity security holders of Roseville for sums due and owing on account of income attributed to the equity security holders for the 2012-2015 tax years arising from profits made by the Debtor's operations.

6. While the Equity Holders have no objection to the proposed distribution, *per se*, they do object to certain of the proposed distributions because, as described hereinbelow, they will be made to incorrect parties.

## RENAMING OF THE INVESTORS BY MICHAEL EDREI

7. As this Court is already aware, the Equity Holders are currently involved in a multi-million dollar lawsuit against Michael Edrei ("Edrei"), who, up until the appointment of the Trustee, essentially controlled and managed Roseville. The lawsuit is still pending before the Superior Court of New Jersey, Bergen County, Docket No. BER-L-006798-14 (the "State Court Action").

8. On or about September 29, 2014, the Equity Holders filed a counterclaim in the State Court Action alleging that Edrei, among other things, committed fraud and other acts of misconduct in connection with his control and management of the Debtor and numerous other loans to non-debtor entities in which the Equity Holders participated.

9. One of the many claims asserted by the Equity Holders in the State Court Action is that Edrei fraudulently and otherwise improperly renamed several of the actual parties who initially invested in the Roseville transaction.

10. More particularly, DJD Holdings, LLC and ATD, LLC -- New Jersey limited liability companies -- were initial investors in the Roseville transaction. These entities are separate and distinct legal entities, with completely different members, managers, and roles. (*A letter from Jeffrey H. Baum, CPA, detailing their corporate identities is attached as Exhibit A*). However, as set forth in more detail hereinbelow, approximately five years after the closing on the Roseville transaction, Edrei took it upon himself to improperly re-name these corporate entities as D/B/As of Daniel Federbush ("Federbush").

11. Notably, Edrei's own voluminous and meticulous records confirm that the LLCs, *i.e.*, DJD Holdings, LLC and ATD, LLC, were initial investors in Roseville.

- Edrei's initial "Schedule of Investors" identifies "ATD, LLC" and "DJD Holdings, LLC" as investors. There is no mention of Federbush in connection with these LLCs, and there are no "D/B/As" listed. (*See Exhibit B annexed hereto.*)

- Edrei's distribution checks for the first 5 years post-closing were made to DJD Holdings, LLC and ATD, LLC. No checks were made payable to a D/B/A. *(See Exhibit C annexed hereto.)*

- All capital calls for the Edrei investment vehicles during the first 5 years following the initial investments were made and sent to ATD, LLC and DJD Holdings, LLC. No capital calls was made to, or requested from, any D/B/A. (*See Exhibit D annexed hereto.*)

- Most conclusively, Federal tax forms prepared and filed, under oath, by Edrei identified ATD, LLC and DJD Holdings, LLC as the investors. Those tax forms made no mention of any D/B/A. (*See Exhibit E annexed hereto.*)

- Finally, for the first five years of the LLCs' investment, there was never any mention of a Federbush D/B/A as an investor.

12. Notwithstanding the "history" of the LLCs' investment, suddenly, and without any warning or notice, Edrei unilaterally re-named the LLCs as D/B/As of Federbush at about that same time that Federbush began to ask questions about Edrei's business practices. Notably, Edrei even tried to name Federbush's parents, Uriel and Marsha Federbush, as D/B/As of Federbush. *(See Exhibit F annexed hereto.)*

13. Thereafter, from 2010 up through and including the present time, all tax forms, capital calls, distribution checks, and notices were all addressed to Federbush D/B/A ATD, LLC (even though he is not even a member of that entity), and Federbush D/B/A DJD, LLC.[1]

14. The legal misnomers as to the LLCs now appear on the Trustee's proposed distribution list. That list names the D/B/As (among others) as the actual investors in Roseville in apparent reliance on Edrei's false information and legally incorrect and improper documents.

15. Although not necessarily specifically relevant to this Limited Objection, the Equity Holders submit that the reason why Edrei unilaterally made these changes is revealed in Exhibits D and G hereto, wherein he announced that he wanted to cross-charge his investors from one loan to another. Since Edrei could not lawfully do so without conforming the identity of the investors, he simply, and unilaterally, made the changes to the legal identities of the LLCs.

16. However, in light of the fact that (a) the initial investors were the LLCs (and <u>not</u> Federbush d/b/a ATD, LLC and Federbush d/b/a DJD, LLC) and (b) neither of these LLCs

---

[1] Objections to such "mistreatment" were consistently raised with Edrei from that point forward.

changed themselves (or were otherwise legally changed) to the alleged D/B/As, the Equity Holders submit that it is Edrei's obligation to prove why their identities were changed, since he made those changes. It is likewise the Trustee's obligation to prove why interim distributions should be made to these fictitious "persons", instead of to ATD, LLC and DJD Holdings, LLC.

17. Simply stated, a "D/B/A" is not something that can be created out of thin air. It has meaning and legal significance under New Jersey law, and any trade name must be registered with the State. *N.J.S.A. 56:1-1 to 1-7.* A D/B/A is generally a trade name of a legal entity - - not the other way around. *Id.*

18. Moreover, an individual simply cannot be a D/B/A for his parents, or for a corporate entity (such as, for example ATD), in which he is not a member, has no interests, and does not participate.

19. In connection with the matter now before the Court, there is no evidence that Federbush ever did business as ATD, LLC or DJD Holdings, LLC. The only "fact" that could be offered by Edrei to justify re-naming these investors is that Federbush signed a Participation Agreement in his own, individual capacity. However, Edrei's leap to the conclusion that ATD and DJD must be D/B/As is unjustified, and unjustifiable.

20. Furthermore, the facts clearly belie Edrei's "conclusion". First, DJD actually signed its own Participation Agreement. (*See Exhibit G annexed hereto*.)

21. Second, Uriel and Marsha Federbush signed their own Participation Agreements. Nevertheless, Edrei changed their identification, as well.

22. Third, the Participation Agreement is not the investment and does not identify the investor in any specific loan. The Equity Holders believe that many people signed Edrei's Participation Agreements, but did not invest in any (or all) loans. At the same time, they

5

understand that others never signed Edrei's Participation Agreements, and yet they did invest in some loans.

23. The Participation Agreement, itself, purports to set generic "ground rules" for investing with Edrei. However, it does not dictate the identity of each investor in each loan. Indeed, and only by way of example, "Tuff Cookie" is somehow now an investor in the Roseville loan, yet it has no Participation Agreement. Similarly, Sharon Edrei is an investor in Roseville, and she also appears to have never signed a Participation Agreement. Thus, the Participation Agreement does not determine the legal identity of an investor, nor does it translate into the "legal definition" of a D/B/A.

24. Furthermore, if the alleged Federbush DBAs were, in fact, actually investors in Roseville, one would expect the D/B/As to have been used from inception of the Roseville transaction (which came about after the Participation Agreements were signed). However, for the first five years of the Roseville investment, no mention is made of a Federbush D/B/A, nor is there any legal document pertaining to those alleged D/B/A investments. Yet, there now appears to be a claim that something occurred in 2010 to legally (or otherwise) transform these LLC investors into D/B/As. However, this mere claim, with nothing more, cannot now support a distribution to Federbush d/b/a ATD, LLC and Federbush d/b/a DJD, LLC, thereby depriving the true and actual investors/participants of their proper, and lawful, interim distributions.

25. Nevertheless, in the event that Edrei subsequently asserts, eleven years after the initial LLC investments were made, that the LLCs' transformation to D/B/As was the result of a conversation (or other communication) with Federbush, requesting (or approving, after the fact) conversion of the LLCs to D/B/As for Federbush, no true evidence of this can be found. Therefore, a mere claim in this regard, with nothing more, can not now support a distribution to

Federbush d/b/a ATD, LLC and Federbush d/b/a DJD, LLC, thereby depriving the true and actual investors/participants of their proper, and lawful distributions.

26. Finally, if such conversation did, in fact, take place, it is difficult to explain why distributions were made to, and tax returns were filed referencing, the LLCs as investors for the first five years of the Roseville transaction.[2]

## CONCLUSION

27. In light of all the foregoing, t is respectfully submitted that any self-serving statements by now made Edrei should not be relied upon by this Court to determine the identity of the proper person(s) to receive distributions by the Trustee (or any other person) with respect to the investments made in Roseville by ATD, LLC and DJD Holdings, LLC.

28. As already noted, Edrei's own documents, business records, and initial federal tax forms correctly identified the Roseville investors as including ATD, LLC, and DJD Holdings, LLC. It is therefore respectfully submitted that this Court should not implicitly (or explicitly) condone, or sanction, Edrei's wrongful actions by approving interim distributions that would deprive ATD, LLC and DJD Holdings, LLC of that which is lawfully theirs.

29. Accordingly, the Equity Holders respectfully object to the Distribution Motion solely to the extent that it seeks to make the distributions owed to ATD, LLC and DJD Holdings, LLC to the alleged D/B/As of Federbush. The Equity Holders further respectfully request that the Court direct the Trustee to make the distributions to the proper investors, *i.e.*, ATD, LLC and

---

[2] All relevant facts compel one to ask why the change from LLCs to D/B/As only occurred once Edrei determined to cross-charge loans. If any such alleged conversation with Federbush ever did occur, why was there no mention of it in the dozens of emails/letters Edrei sent relating to the alleged existence of the D/B/As from 2010-2014? (*A selected sampling of those emails/correspondence is attached hereto as Exhibit H*.)

DJD Holdings, LLC, and that it grant such other and further relief as is just and proper under the circumstances.

                                                **FOX ROTHSCHILD LLP**
                                                Attorneys for the Equity Holders

                                    By: /s/ Richard M. Meth
                                          RICHARD M. METH
                                          N. ARI WEISBROT

Dated:  April 19, 2016
         Roseland, NJ