**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

Stephen V. Falanga
Christopher M. Hemrick
Sydney J. Darling
**WALSH PIZZI O'REILLY FALANGA LLP**
One Riverfront Plaza
1037 Raymond Blvd., 6th Floor
Newark, New Jersey 07102
T: 973.757.1100 | F: 973.757.1090
*Counsel to Chapter 11 Trustee*

In re:

ROSEVILLE SENIOR LIVING PROPERTIES, LLC,

    Debtor.

Bankr. Case No.: 13-31198 (MBK)

Hon. Michael B. Kaplan

Chapter 11

**CERTIFICATION OF NO OBJECTION TO ELEVENTH MONTHLY FEE
STATEMENT OF EISNERAMPER LLP COVERING THE PERIOD
SEPTEMBER 1, 2016 THROUGH SEPTEMBER 30, 2016**

I, Sydney J. Darling, of full age, hereby certify as follows:

1.    I am an attorney at law of the State of New Jersey and counsel with the law firm

Walsh Pizzi O'Reilly Falanga LLP, counsel to Stephen V. Falanga, the Chapter 11 Trustee of the

Bankruptcy Estate (the "Estate") of the above-captioned debtor, Roseville Senior Living

Properties, LLC (the "Debtor").

2.    I submit this Certification in accordance with the Administrative Order

Establishing Procedures for Allowance and Payment of Interim Compensation and

Reimbursement of Expenses to Professional Persons [Dkt. No. 92] (the "Administrative Order")

relating to the Eleventh Monthly Fee Statement of EisnerAmper LLP Covering the Period

September 1, 2016 through September 30, 2016 [Dkt. No. 764].

Walsh_98888_1.docx

3.     The Administrative Order allows professionals retained in the above-captioned case pursuant to Section 327(a) and, to the extent applicable, Sections 328(a) and 1103 of the Bankruptcy Code, to seek interim compensation by filing and serving a monthly fee and expense statement on or before the twenty-fifth (25th) day of each month following the month for which interim compensation is sought.

4.     The Administrative Order provides that service may be made by CM/ECF, e-mail or regular mail on counsel for the Debtor, the United States Trustee, the Debtor's top twenty (20) unsecured creditors, counsel for CaptialSource Finance, LLC, and all parties who have appeared and requested notice pursuant to Fed. R. Bankr. P. 2002 (the "Notice Parties").

5.     According to the Administrative Order, the Notice Parties have ten (10) days after service to object to the payment of such professional's fees.

6.     The Administrative Order provides that, upon expiration of the ten (10) day deadline to object, the professional seeking interim fees may file and serve on the Notice Parties a certificate of no objection or a certificate or partial objection, whichever is applicable, after which the Debtor (now the Trustee) is authorized to pay, to the extent so authorized by its cash collateral or financing order(s), each professional seeking interim fees an amount equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Statement or (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to any objection.

7.     I filed EisnerAmper LLP's Eleventh Monthly Fee Statement (for September 2016) on October 14, 2016 [Dkt. No. 764] and served all Notice Parties via CM/ECF and E-mail on October 14, 2016 [Dkt. No. 765].

2

8.      Accordingly, the deadline to object to EisnerAmper LLP's Eleventh Monthly Fee Statement was October 24, 2016.

9.      According to the CM/ECF docket in the above-referenced case, no objections have been filed to EisnerAmper LLP's Eleventh Monthly Fee Statement within ten (10) days of filing and service of the Fee Statement.

10.     Accordingly, the Trustee will be instructed to pay EisnerAmper LLP eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in its Eleventh Monthly Fee Statement.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 3, 2016                              /s/ Sydney J. Darling
                                                    Sydney J. Darling

Walsh_98888_1.docx